CHEHARDY, Judge.
Plaintiff appeals from a trial court judgment maintaining an exception of prescription to plaintiff’s suit filed on February 28, 1979 for total and permanent weekly workmen’s compensation payments. An exception of prematurity to plaintiff’s suit for medical expenses was overruled.
Plaintiff-appellant, a dispatcher and assistant to the president of Rebel Crane and Service Company, was shot three times by an intruder when he entered the office of his employer on the morning of June 15, 1974. As a result he suffered a flesh wound of the back below the shoulder blade, a wound of the upper left arm and an abdominal wound which lacerated the bowel, perforated the stomach, liver, diaphragm and left lung — with collapse of the lung and a massive hemorrhage. He immediately underwent operations and by August 9, 1974 was released for full duty by his attending physician. Subsequently at various times between September 1974 and April 1978, Lester, had four additional incisional hernia operations.
Defendant Rebel Crane continued to pay plaintiff full salary at all times including time lost during periods of recovery, less any amounts received as workmen’s compensation payments. In March of 1977 and April of 1978, Lester had additional inci-sional hernia operations unrelated to the earlier incisional hernia operations. Although at these times of recovery plaintiff received no workmen’s compensation, his employer continued to pay his full salary. The last payment of workmen’s compensation was on May 5, 1975 and the last medical bills were paid on August 29, 1978.
The issue before us is whether or not plaintiff’s claim for workmen’s compensation benefits has prescribed. If the claim has prescribed then the court must determine if defendant’s continued payment of full salary after compensation payments stopped on May 5, 1975, even during plaintiff’s recovery time from operations in March of 1977 and April of 1978, was intended to lull Mr. Lester into a false sense of security thereby causing him to forgo prosecution of his claim for workmen’s compensation.
Plaintiff relies on Landry v. Ferguson, 279 So.2d 185 (La.1973), in support of his position that an employer who lulls an injured employee into a false sense of security thereby causing him to forgo timely prosecution of his claim for workmen’s compensation payments cannot then rely' on prescription as a defense to plaintiff’s claims. However, the trial court found Mr. Lester was not lulled into a sense of false security by any action of defendant Rebel Crane within the intention of Landry, supra. We do not find error in this conclusion by the trial judge. We might point out that the testimony established that it was company policy to pay permanent employees their full salaries when they were out ill, even when they were not entitled to workmen’s compensation benefits, and that since Mr. Lester was a permanent employee, he was always paid full salary for all injuries or illnesses, and, in this case, the amount of compensation benefits he received was simply deducted.
*1320 We further agree with the trial court’s finding that plaintiff’s claim had prescribed under the provisions of LSA-R.S. 23:1209, which states:
“In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration' of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
The suit was brought more than two years after the accident occurred. In Bolden v. Georgia Cas. & Sur. Co., 363 So.2d 419 (La.1978), relied on by plaintiff, the injury had manifested itself within two years of the accident. In the instant case, the last compensation payment was made on May 5,1975 and suit for benefits was not filed until February 28, 1979. We agree that under the clear terms of LSA-R.S. 23:1209 plaintiff’s claim has prescribed.
The trial court maintained the plaintiff’s suit for medical expenses and this part of the judgment has not been appealed by the defendants, Rebel Crane and Service Company and Insurance Company of North America.
For the reasons assigned herein the judgment of the trial court is affirmed. Costs of this appeal are to be paid by plaintiff.

AFFIRMED.